**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DE JESUS RIVERA ROMERO, | No.   19-70002 |
| Petitioner, | Agency No. A092-567-384 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before:      SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Manuel de Jesus Rivera Romero, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Rivera Romero established changed circumstances to excuse his untimely filed asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(2), (4) (changed circumstances). Thus, Rivera Romero's asylum claim fails.

Substantial evidence supports the agency's determination that Rivera Romero failed to establish the harm he fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Rivera Romero's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Rivera Romero failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El

19-70002

Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to review Rivera Romero's claims that the IJ misconstrued and misapplied evidence and that the IJ lacked jurisdiction over his proceedings because he did not exhaust them before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no subject-matter jurisdiction over claims not presented in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**